IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES JACKSON,<br>No. M-14029 | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 16-cv-00370-MJR<br>) |
| J. LASHBROOK,<br>DIRECTOR OF IDOC,<br>SUZANN BAILEY,<br>VIPEN SHAH,<br>BETSY SPILLER,<br>UNKNOWN PARTIES, and<br>CANTINA FOOD SERVICES, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants.[1] | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff James Jackson is an inmate currently housed in Pinckneyville Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to the soy diet served at Pinckneyville and the resulting adverse side effects, which have not been treated.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief

---

[1] Although the narrative of the complaint refers to several individuals as being among the "defendants," the only defendants recognized by the Court are those individuals and entities listed in the case caption and section of the complaint form for listing parties (Doc. 1, pp. 1-2). The complaint will have to be amended if any others are to be included as defendants.

may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, a primarily soy-based diet is served at Pinckneyville Correctional Center. Plaintiff contends that soy has caused him to experience fatigue, headaches, constipation (along with rectal bleeding), stomach pain and extreme gas, which in turn has caused physical altercations between Plaintiff and other inmates. It is noted that female inmates successfully sued to eliminate soy from their diet plan, and but male inmates are still served a soy diet, despite the known health risks.

According to Plaintiff, Defendants Warden J. Lashbrook, Dr. Vipen Shah, the Director of the Illinois Department of Corrections ("IDOC"), Cantina Food Services, and the unidentified owners of the prison commissary were all aware of the adverse

medical consequences and nevertheless implement the soy diet plan, thereby subjecting Plaintiff to deliberate indifference in violation of the Eighth Amendment. One example being when Plaintiff sought treatment in the health care unit to no avail, he spoke to Warden Lashbrook and Assistant Warden Spiller, but they both refused to order medical treatment. Spiller told Plaintiff to "man-up or buy more commissary." Lashbrook told Plaintiff to stop listening to the jailhouse lawyer who had been advising him; Plaintiff was then ordered to "lock-up."

After explaining that he experienced severe, prolonged stomach pain and gas after eating soy, Plaintiff asked Dr. Shah for a thyroid hormone level check and a soy-free diet, but those requests were refused.

Plaintiff also asserts that there was a broad conspiracy involving all named defendants, "especially Defendant Commissary Owners"—as evidenced by the repeated directives to "buy more commissary." According to Plaintiff, millions of dollars in profits from the sale of commissary items, and related government subsidies, are going into Defendants' pockets.

Plaintiff seeks compensatory and punitive damages.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Defendants, individually and in conspiracy, have endangered Plaintiff's health by serving him a soy-based diet, or not putting a stop to the soy diet, in violation of the Eighth Amendment; and
>
> **Count 2:** Dr. Shah, Warden Lashbrook and Assistant Warden Spiller were each individually deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment.

Any intended claims that have not been recognized by the Court should be considered insufficiently stated under the *Twombly* pleading standard and, therefore, dismissed without prejudice.

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Prison officials can also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton

infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Even those not directly involved in providing medical care—"non-medical defendants"—can be liable. *See Perez v Fenoglio*, 792 F.3d 768, 781-782 (7th Cir. 2015).

The allegations underlying Counts 1 and 2 regarding the soy-based diet and failure to alter the diet or offer Plaintiff medical care for the side effects fall within the ambit of the Eighth Amendment, but that does not end the analysis.

### Official Capacity Claims for Monetary Damages

Defendants are sued in their official and individual capacities for monetary damages. For the reasons that follow, all official capacity claims in Counts 1 and 2 for monetary damages must be dismissed.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Allegations that senior officials were personally responsible for creating the policies, practices and customs that caused a constitutional deprivation can suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). However, the *respondeat superior* doctrine—supervisory liability—does not apply to actions filed under 42 U.S.C. § 1983. *See,* e.g., *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

In contrast, official capacity suits are in effect against the state. The Eleventh Amendment bars suits against an un-consenting state—including its agencies and

officers in their official capacities—for monetary damages. *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Indiana Protection and Advocacy Services v. Indiana Family and Social Services Administration*, 603 F.3d 365, 370 (7th Cir. 2010). In the present case, only monetary damages are sought, not injunctive relief. Furthermore, with respect to Cantina Food Services and the unidentified commissary owners, the complaint specifies that those parties were *not* employed by the state, local or federal governments (Doc. 1, p. 2). Therefore, all official capacity claims for monetary damages must be dismissed with prejudice, leaving only individual capacity claims in this case.

## Count 1

## Conspiracy

From Plaintiff's perspective, all defendants have participated in a conspiracy. Claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review. *See Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304–05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir.1999)).

Plaintiff's complaint offers nothing more than an assertion that there was a conspiracy. There is no factual basis for, or suggestion of a "meeting of the minds." Therefore, the overarching conspiracy claim in Count 1 will be dismissed without prejudice.

**Unidentified Owners of the Commissary**

Absent a conspiracy, there is an insufficient basis for a claim against the Unidentified Owners of the Commissary because there is no reasonable basis to think they were involved in setting the prison meal plan. This aspect of Count 1 fails under the *Twombly* pleading standard and will be dismissed without prejudice.

**Suzann Bailey**

As already noted, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper*, 430 F.3d at 810. Food Services Administrator Suzann Bailey is named as a defendant, but she is not otherwise mentioned in the narrative of the complaint, except for being listed as a member of the alleged conspiracy. Consequently, the *Twombly* pleading standard has not been met and Suzann Bailey will be dismissed without prejudice.

**Warden Lashbrook, Dr. Shah,**
**Director of the IDOC, and Cantina Food Services**

Given the liberal notice pleading standard, the complaint, liberally read, lays a basis for individual liability claims against Warden Lashbrook, Dr. Shah, Director of the

IDOC, and Cantina Food Services with respect to Count 1. At a minimum, it can be reasonably inferred from the complaint that they were each aware of health hazards posed by a soy-rich diet, but continued to serve that diet. Count 1 shall proceed against Warden Lashbrook, Dr. Shah, Director of the IDOC, and Cantina Food Services in their individual capacities.

## Count 2

Relative to Count 2, the medical care claim, the complaint sufficiently states individual capacity claims against Dr. Shah, Warden Lashbrook and Assistant Warden Spiller for deliberate indifference to Plaintiff's serious medical needs. Even those not directly involved in providing medical care—"non-medical defendants"—can be liable. *See Perez v Fenoglio*, 792 F.3d 768, 781-782 (7th Cir. 2015).

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, all official capacity claims against all Defendants are **DISMISSED**. Dismissal shall be with prejudice with respect to any prayer for monetary damages, and without prejudice to any possible claim for other remedies.

**IT IS FURTHER ORDERED** that the conspiracy claims within **COUNT 1** are **DISMISSED without prejudice**; and Defendants **SUZANN BAILEY and UNKNOWN COMMISSARY OWNERS** are **DISMISSED without prejudice from COUNT 1 and this action**.

**IT IS FURTHER ORDERED** that the individual capacity claims in **COUNT 1** shall otherwise **PROCEED** against Defendants **WARDEN J. LASHBROOK,**

**DIRECTOR OF THE IDOC, DR. VIPEN SHAH, ASSISTANT WARDEN BETSY SPILLER, and CANTINA FOOD SERVICES**.

**IT IS FURTHER ORDERED** that the individual capacity claims in **COUNT 2** shall **PROCEED** against **WARDEN J. LASHBROOK, DR. VIPEN SHAH, and ASSISTANT WARDEN BETSY SPILLER**.

The Clerk of Court shall prepare for Defendants **WARDEN J. LASHBROOK, DIRECTOR OF THE IDOC, DR. VIPEN SHAH, ASSISTANT WARDEN BETSY SPILLER, and CANTINA FOOD SERVICES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. Consequently, Plaintiff's motion for service of process at government expense (Doc. 4) is **DENIED as moot**.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting

service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C.

§ 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 29, 2016**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**